IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

November 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| KENNETH F. TAGGART and wife, TONI CORWIN, | ) C/A NO. 03A01-9705-CV-00202 |
| | ) |
| | ) SULLIVAN LAW |
| Plaintiffs-Appellants, | ) |
| | ) HON. RICHARD E. LADD, |
| v. | ) JUDGE |
| | ) |
| BART A. RICHARDS, | ) |
| | ) |
| Defendant-Appellee. | ) |
| | ) |
| BLUE CROSS BLUE SHIELD OF TENNESSEE, | ) |
| | ) AFFIRMED |
| | ) AND |
| Intervening Plaintiff. | ) REMANDED |

GARY E. BREWER, LESLIE A. MUSE and STEVEN W. TERRY, BREWER & TERRY, P.C., Morristown, for Plaintiffs-Appellants.

JAMES K. HORSTMAN, BARRY L. KROLL, ALTON C. HAYNES, LLOYD E. WILLIAMS, JR., WILLIAMS & MONTGOMERY, LTD., Chicago, and EDWIN L. TREADWAY, HUNTER, SMITH & DAVIS, LLP, Kingsport, for Defendant-Appellee.

**O P I N I O N**

Franks, J.

This is an action for damages for personal injuries allegedly occurring on April 9, 1993 in the early evening, when the vehicle operated by the plaintiff was struck by a vehicle operated by the defendant. Upon trial, a jury returned a verdict for the plaintiff establishing damages at $8,445.00 and further determined that defendant was 51% at fault for the accident. The Trial Judge approved the verdict and plaintiffs have appealed.

Plaintiff insists on appeal that there is no material evidence to support the amount of the jury verdict, or the jury's finding that he was 49% at fault for the accident. Also, they maintain there is no material evidence to support the jury's finding that plaintiff's wife suffered no loss of consortium.

Immediately following the accident, plaintiff was taken by his wife to the emergency room of a local hospital, where a laceration in his hand was sewed up and x-rays were taken of his hand and neck. He was sent home. The next morning he received a call from a physician at the hospital, who asked that he return to the hospital. At the hospital plaintiff was informed that the x-rays of his neck reflected the absence of bone at the odontoid process, with some subluxation of the cervical spine. The hospital referred him to Dr. Gregory Corradino, a board certified neurosurgeon. Dr. Corradino saw the plaintiff on April 20, and diagnosed the plaintiff with having a cervical strain and "the absent odontoid process", which he opined was congenital, but needed surgical repair "very quickly". Plaintiff next saw Dr. Corradino on June 2, where surgery was discussed and, according to plaintiff, he decided to get a second opinion. He then visited Dr. Joe Beals, a neurosurgeon, in Knoxville on June 16, 1993, who also recommended surgery. Dr. Beals and another doctor performed the surgery on February 3, 1994. The surgery involved the removal of bone from plaintiff's hip, which was placed in the neck and secured in the area between C1 and C2. Plaintiff did well postoperatively and for approximately three months following surgery, was required to wear a halo brace at all times. Due to the brace, plaintiff's wife had to attend to his personal hygiene and care for the brace and other needs.

It is plaintiff's position that there is no material evidence to support the jury's award of damages where the parties had stipulated that the amount of medical expenses incurred by plaintiff totaled $37,314.70. We are required to affirm the

2

judgment unless there is no material evidence to support the verdict. Rule 13(d) T.R.A.P.

Plaintiff tried this case before a jury, on the theory that the condition requiring surgery was caused by the accident. He offered the expert medical opinion of Dr. Joe Beals, who opined that the accident was the cause of this condition requiring surgery. The defendant offered the testimony of Dr. Corradino, who testified that the initial x-ray "showed what appeared to be an absence of a bone at the upper part of the cervical spine known as the odontoid process and some subluxation, which is a partial dislocation of the first and second vertebra." He was of the firm opinion as of April 23, 1993, that the absent odontoid process was either "congenital or an acquired abnormality". He was of the firm opinion, however, that "it is almost certainly of long-standing duration and not related to his recent accident". The foregoing constitutes material evidence that the condition predated the accident. However, there is other evidence in the record which no doubt impacted heavily upon the triers of fact and against the plaintiff's position.

On the plaintiff's June 3 visit to Dr. Corradino, he brought x-rays from a VA Hospital which had been taken of his head and the upper part of the neck on September 19, 1989, due to a sinus condition. Dr. Corradino examined these x-rays which he said showed the odontoid process was absent in 1989. The plaintiff took the x-rays with him and apparently did not show them to Dr. Beals, who performed the surgery, and whose opinion was formulated without the benefit of these x-rays. The 1989 x-rays and Dr. Corradino's opinion of what they show is neither countered nor confronted in this record. There are other inconsistences in plaintiff's testimony and the trier of fact was justified in concluding that the accident was not the cause of the condition or surgery. *See Buchanan v. Harris*, 902 S.W.2d 941 (Tenn. App. 1995).

Plaintiff argues on appeal, that the pre-existing condition was

3

aggravated. This is simply not the theory upon which the case was tried, and as for the claim for consortium by plaintiff's wife, there is material evidence that the elements of her claim are predicated upon plaintiff's disability arising from the surgery, convalescence and treatment of what the jury concluded pre-existed the accident. These issues are resolved against plaintiffs.

Finally, plaintiff insists there is no material evidence to support the apportioning of fault by the jury. A jury has considerable latitude in allocating the percentage of fault in negligence cases, but we may alter the jury's findings if they are "clearly erroneous". *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). We observe at the outset, that since the jury found plaintiff's credibility flawed, it would be justified in not giving any weight to his version of how the accident occurred. The evidence is conflicting about how the accident occurred. It is undisputed that it was near darkness in the early evening and it was raining, causing poor visibility. Defendant testified that he was proceeding within the speed limit at a speed of approximately 40 to 45 miles per hour, and at the time he struck the rear corner of plaintiff's vehicle, he had slowed significantly and the impact was slight. Defendant observed the plaintiff's vehicle in the roadway as he came over a rise, which was either stopped in the road or moving slowly. It is unclear from the record, what signals, if any, plaintiff gave. Defendant testified there was oncoming traffic in the other lane, and that when he was approximately 150 feet from plaintiff's vehicle, he realized that the plaintiff's vehicle "was not moving" and applied his brakes. He concluded plaintiff "had spent a very long lengthy period of time in the lane of traffic, not moving or moving slowly, I couldn't tell". The plaintiff offered no explanation for why he was stopped or moving slowly in defendant's lane of travel. Under the circumstances and the road conditions and taking into account plaintiff's credibility on this issue, we cannot say the jury's assessment of liability is

"clearly erroneous".

For the foregoing reasons, we affirm the judgment of the Trial Court and remand with costs of appeal assessed to the appellants.

_____
Herschel P. Franks, J.

CONCUR:


_____
Don T. McMurray, J.



_____
Charles D. Susano, Jr., J.

5